JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK MARIAS AND RENEE MARIAS

## DEFENDANTS
BANK OF AMERICA, N.A.
NATIONSTAR MORTGAGE LLC

**(b)** County of Residence of First Listed Plaintiff   BURLINGTON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   OUT OF STATE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
RobertC. Leite, Esq
Roach, Leite & Manyin, LLC
1500 North Kings Hwy. CHerry Hill. NJ 08034 (267) 343-5818

Attorneys *(If Known)*

f

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                            *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1681 et seq, 28 USC 1332
Brief description of cause:
Deceptive business practices, violation of NJ Consumer fraud act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
12/03/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ROACH, LEITE & MANYIN, LLC**
Robert C. Leite, Esquire
2938 Levick Street, Ground Flr.
Philadelphia, PA 19149
Tel. 267-343-5818
Fax. 267-343-5821
Counsel for Plaintiffs

CIVIL ACTION

CASE NO.

MARK MARIAS and
RENEE MARIAS

                    Plaintiffs

**PLAINTIFF'S COMPLAINT**

BANK OF AMERICA N.A., and
NATIONSTAR MORTGAGE LLC

                    Defendants

NOW COME BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY Plaintiffs by and through the undersigned counsel, hereby alleges the following upon personal knowledge known to them individually and collectively and upon information and belief obtained through several months of investigation.

Additional evidentiary support confirming the truth of the Plaintiff's allegations will be established through discovery from Defendants and non-parties with knowledge of the institutionalized misconduct alleged below.

## PARTIES

1.    Mark Marias and Renee Marias (hereinafter "Plaintiffs") are citizens of New Jersey and reside at 17 Indian Trail, Medford NJ 08055.

2.    Defendant Bank of America N.A. (hereinafter "BOA") is a North Carolina corporation with a business address of 100 North Tryon Street, Charlotte, NC 28202.

3.      Defendant Nationstar Mortgage, (hereinafter "Nationstar") is a Texas corporation with a business address of 350 Highland Drive, Lewisville, TX 75265.

4.      The underlying matter involves unfair and deceptive business practices engaged in by Defendants through jointly controlled policies and practices that violate contract, state and federal law. Plaintiff's whom are citizens residing within the borders of the great state of New Jersey suffered – and continue to suffer – extreme economic, financial, legal and emotional harm as a result of Defendants conduct. Plaintiffs commenced this action as a result of several failed attempts to resolve the below complained of issues with the above named Defendants. Through their polite and reasonable request for assistance, Plaintiffs now find that they were mislead, lied to, and taken advantage of; moreover, Defendants intentional and deceitful actions have potentially exposed Plaintiff to both the loss of their property and subsequent legal and financial consequence.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under 28 USC 1332 in that there is diversity of citizenship. It is also proper in that one of the counts involves a Federal Question and the amount in controversy exceeds $75,000.00.

6.      Venue is proper under 28 USC 1391(a) (2) and 28 USC 1391(b) (2) in that a substantial part of the events giving rise to the claims herein occurred in the district.

## FACTS

7.      On October 9, 2006, Plaintiffs executed a mortgage in favor of Bank of America to secure a debt to BOA conveying a security interest in their residence located at 17 Indian Trail, Medford NJ 08055.

8.      On that same date, Plaintiffs executed a promissory Note to Bank of America in the amount of $688,000.00.

9.      Plaintiffs began their payments to BOA upon the execution of this Mortgage and remained current until the complained of conduct occurred.

10.     In November 2008, Plaintiff Mark Marias after learning that his income through his employment might be reduced due to the failing economy contacted Boa and sought help with his mortgage.

11.    During this time, Plaintiffs were informed by BOA representative Tammy to cease making their monthly mortgage payment as she could not review their current mortgage for a modification unless and until they stopped making their regular payment. Plaintiff expressed concern to Tammy that they did not want to be in default, however, Tammy assured them that they would not be considered in default in any manner while they were in the modification process.

12.    In an effort to stave off any further mortgage issues and approaching three missed mortgage payments, Mr. Marias continued to contact BOA and inquired if the term on his Note and Mortgage could be modified, thereby allowing for a lower monthly payment. After numerous telephone calls, paperwork submissions and forms completed at BOA's requests. As evidenced by a letter dated February 6, 2009, Plaintiffs were told that BOA could only modify their Mortgage if they paid back the then arrears of approximately $8,697.28. Although they were informed by Tammy to begin missing payments which resulted in the default and knowing that this would pose great difficulty, Plaintiff's nonetheless agreed to pay the default caused by BOA's advice. Mr. Marias spoke with BOA representative Corey who indicated that the first payment had to be made by February 26th and that each payment thereafter could be made online on or before the due date.

13. The terms of the repayment plan were as follows:

| Date | Amount |
|----------|-----------|
| 02/15/09 | $2174.32 |
| 03/15/09 | $2174.32 |
| 04/15/09 | $2174.32 |
| 05/15/09 | $2174.32 |

14.    Plaintiffs aver that all payments were made as per the schedule.

15.    In a letter dated February 26, 2009, Plaintiffs were told by BOA representative Richard Basher that they were under foreclosure. However, in a later telephone conversation with BOA representative Tammy, she informed Mr. Marias to ignore this letter as well as any future "Notice of Intent" to foreclose correspondence from BOA.

16.    On or around March 13, 2009, Mr. Marias provided BOA Representative Richard Basher with proof of his employment status, pay stubs as well as proof that his property taxes and home insurance policy were paid and current.

17.     In April, 2009 Plaintiffs were informed that their file would be assigned to a "modification specialist" who would assist them towards obtaining a permanent loan modification. It must be noted that during this time period Plaintiffs remained current with the repayment obligation.

18.     On May 28, 2009, after many months of submitting documents to BOA, Plaintiffs were finally approved for a permanent mortgage modification. Plaintiff's accepted and began sending payments on July 1, 2009. See loan modification agreement attached hereto and made a part hereof as Exhibit "A".

19.     On June 2, 2009, Mr. Marias visited a BOA branch on Stokes Road in Medford, NJ and executed the documents as well as had the agreement notarized by Corinne Biswas. During this time, Mr. Marias, along with Joanne Hogan (BOA branch manager) placed a call to BOA headquarters. During this conference call, it was indicated to Mr. Marias that he would receive a new payment book within 90 days and an address in which to send payment.

20.     Plaintiffs aver that the following payments were made as per the schedule described below:

        a.      July 1, 2009, plaintiff mailed to BOA the initial payment of $3,375.23 before the August 1, 2009 due date.

        b.      July 24, 2009, plaintiff mailed to BOA the second payment of $3,375.23 before the September 1, 2009 due date.

        c.      September 15, 2009, Plaintiff mailed to BOA the third payment of $3,375.23 before the October 1, 2009 due date.

21.     It appears that although Plaintiff's had accepted the loan modification and made prompt payment, BOA continued to report Plaintiffs as delinquent on their mortgage obligation during this entire period, no one at BOA ever notified or advised Plaintiffs as to the damage to their credit rating that would result from following the advice of BOA representatives.

22.     Plaintiffs would like to note that a few days after remitting each payment averred above, they contacted BOA to make sure that the payments were received and applied per the modification. BOA informed Mr. Marias that for the months of August and September this was the case.

23.     In a letter dated September 4, 2009, Plaintiffs received another "Notice of Intent" to foreclose letter. Despite the execution of a permanent loan modification agreement, and providing payment to BOA since February of that year, the letter stated that Plaintiff's were in default $26,091.78 and advised that the cure amount was $31,117.70. Mr. Marias, attempted numerous times to contact BOA representative Shanel Swanson to discuss the issue, however, he was unable to speak with her.

24.     Sometime during the first week of October 2009, Mr. Marias called and inquired whether his October payment was received and applied per the modification agreement. During this initial call Mr. Marias was told that his October payment of $3,375.23 was returned and that the payment amount was incorrect. Plaintiff was told that the payment he should have sent was the original payment amount of $4,348.32. Sometime later that day, Mr. Marias contacted Diane Haseltine at 888-697-7980 Ext. 7952, from the New Hope Team and inquired if she can assist him with his problem with BOA. Ms. Haseltine and Plaintiff participated in a 3-way conference call with a BOA representative. During this call Ms. Haseltine was able to find that BOA did receive and keep the payment of $3,375.23. It was indicated that the amount was placed in a holding account waiting for loan modification approval.

25.     On or about November 1, 2009, Plaintiff wanting to make his November mortgage payment contacted BOA to inquire whether or not he should make the payment. Mr. Marias also sought to clear up the many issues he had been having with BOA. Plaintiff spoke with BOA representative Tammy at telephone number 716-635-7104 at ID number of NBKM270 who informed him to not make the November payment until the issues he complained of were resolved.

26.     About a week later Plaintiffs contacted BOA to follow-up and asked to speak with Tammy. Mr. Marias was told that there was no Tammy with an ID number of NBKM270 working for BOA.

27.     On November 27, 2009 frustrated with learning the Tammy was nowhere to be found and skeptical about not making the November payment as per her advisement, Plaintiff mailed to BOA that month's payment in the amount of $3,375.23.

28.     On or about December 1, 2009, Plaintiff mailed to BOA a payment in the amount of $3,375.23. Plaintiff is not sure what ever happened with this payment.

29.   Since December of 2009, Plaintiffs have attempted to contact BOA and make payment per the permanent modification agreement; however, they have been informed that no payment would be accepted.

30.   Despite assurances by Tammy and other BOA representatives. BOA after the execution of the modification agreement continued to report to the three major credit bureaus that Plaintiffs had stopped paying their mortgage and were in default.

31.   Tammy, and several other BOA representatives' advisement and misleading communication caused Plaintiffs credit rating score to drop significantly beginning in July of 2009 and each month thereafter.

32.   Despite adhering to the modification payment obligation during this time, Plaintiffs nonetheless continued to receive notices from BOA indicating their incorrect default status.

33.   Defendants alleged that Plaintiff's were in default when Plaintiffs actually during the complained of conduct were not in default had their payments either been properly applied or in the alternative had they not been mislead by Defendants.

34.   All of foregoing acts of the Defendants have caused Plaintiffs severe emotional distress and have led to significant marital problems.

35.   Although, Defendants knows of its hereinbefore mentioned conduct, it continues to harass Plaintiffs by threatening foreclosure and demanding payment.

36.   Defendants breached their duty of due care by making, or causing to be made, misrepresentations of material fact relating to Plaintiff's default status, payment account and loan servicing.

37.   Plaintiffs have experienced, and continue to experience, an inordinate and unwarranted amount of stress, and injury to their credit, as a result of Defendants actions.

38.   Defendant's actions have caused Plaintiff's actual damages, including but not limited to economic damages in the form of denial of credit, threatened loss of their property, and non-economic damages in the form of aggravation, humiliation, embarrassment, depression, and strain on personal relationships, sleeplessness, worry, anxiety and legal expense.

## COUNT ONE

VIOLATION OF FAIR CREDIT REPORTING ACT

39.    Plaintiffs reaffirm and reallege paragraphs 1 through 38 above as if set forth more fully herein below.

40.    At all times material, Defendants BOA, Nationstar qualified as providers of information to the Credit Reporting Agencies, including but not limited to Experian, Equifax, and TransUnion, under the Federal Fair Credit Reporting Act.

41.    Defendants BOA and Nationstar, through and with its agents and successors or assigns including Tammy S, wrongfully, improperly, and illegally, pursuant to its improper conduct set forth above, reported negative information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores.

42.    Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiffs are entitled to maintain a private cause of action against said Defendants for an award of damages in an amount to be proven at the time of trial for all violations of the Fair Credit Reporting Act which caused actual damages to Plaintiffs, including emotional distress and humiliation.

43.    Plaintiffs are also entitled to recover damages from said Defendants for negligent non-compliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(o).

44.    Plaintiffs are further entitled to an award of punitive damages against Defendants and its agents, including Gosiak, for their willful noncompliance with the Fair Credit Reporting Act pursuant to 15 USC sec. 1681(n) (a) (2) in an amount to be proven at time of trial.

**COUNT TWO**

VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT (NJCFA)

45.    Plaintiffs reaffirm and reallege paragraphs 1 through 44 above as if set forth more fully herein below.

46.    As set forth above, Defendant BOA is subject to the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq. (the "Act"), as Defendants extended consumer credit to Plaintiffs pursuant to a consumer contract (Mortgage) and engaged in the collection of the consumer debt (Mortgage note), thus subjecting Defendants to the Act.

47.     In violation of the Act, Defendants have committed unfair and/or deceptive acts and practices, including concealment, in connection with their Mortgage loan the subject of this action, including but not limited to:

(a) making false and misleading oral and written statements and other representations which had the capacity, tendency, or effect of deceiving or misleading Plaintiffs;

(b) failing to state material facts which failure deceived Plaintiffs; and

(c) making false and misleading communications which cause to be made, misrepresentations of material fact relating to Plaintiff's default status, payment account and loan servicing.

48.     Defendants systematic intentional misconduct has directly, foreseeably and proximately caused ascertainable damages and injuries to Plaintiffs.

49.     Defendants misconduct constitutes acts, uses or employment of unconscionable commercial practices, deception, fraud, false pretenses, misrepresentations of material fact, or the concealment, suppression or omission of material facts with the intent that others rely upon them, in connection with the sale or advertisement of merchandise or real estate in violation of the NJCFA.

50.     Defendants misrepresented material information with respect to Plaintiff's real estate with full knowledge by said Defendants that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

51.     As a direct and proximate result of Defendants' fraudulent misrepresentations of material fact, Plaintiffs have sustained actual and statutory damages (including treble damages under N.J.S.A. 56:8-19), together with reasonable attorneys' fees and costs of prosecuting this action.

## COUNT THREE

### FRAUDULENT MISREPRESENTATION

52.     Plaintiffs reaffirm and reallege paragraphs 1 through 51 hereinabove as if set forth more fully herein below.

53.     Defendants BOA and Nationstar knowingly, intentionally, and fraudulently concealed material information from Plaintiffs which is required by Federal Statutes and Regulations to be disclosed to the Plaintiffs at all times during the servicing of their loan.

54.     Said Defendants also misrepresented material information to the Plaintiffs with full knowledge by said Defendants that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

55.     Under the circumstances, the material omissions and material misrepresentations of said Defendants were malicious.

56.     Plaintiffs, not being mortgage lenders, mortgage brokers, or mortgage default specialist, reasonably relied upon the representations of said Defendants (or the lack of disclosures by said Defendants) in agreeing to cease payment sometime on or around November 2008. Again, Plaintiff was informed by BOA representative Tammy to not make his November 1, 2009 modification payment. Moreover, Plaintiffs reasonably relied upon the representations of said Defendants when they relied upon the payment amount indicated by the mortgage modification.

57.     Had Plaintiffs known of the falsity of said Defendants' representations, Plaintiffs would not have ceased making mortgage payments, entered into the loan modification, and continued to listen to Defendants.

58.     As a direct and proximate cause of said Defendants' material omissions and material misrepresentations, Plaintiffs have suffered damages.

## COUNT FOUR

### BREACH OF FIDUCIARY DUTY

59.     Plaintiffs reaffirm and reallege paragraphs 1 through 58 hereinabove as if set forth more fully herein below.

60.     Defendant BOA, through and with its agent Defendant Nationstar, by their actions in contracting to provide mortgage loan servicing and a loan forbearance program to Plaintiffs which was not only to be best suited to the Plaintiffs given their income and expenses but by which Plaintiffs would also be able to satisfy their obligation without risk of losing their home, were "fiduciaries" in which Plaintiffs reposed trust and

confidence, especially given that Plaintiffs were not and are not mortgage lenders, mortgage brokers, or mortgage default specialists.

61.     Defendant BOA, through and with the aid and assistance of its agents, breached their fiduciary duties to the Plaintiffs by fraudulently inducing Plaintiffs, through a pattern of fraudulent concealment and misrepresentation, to stop making mortgage payments and enter into a loan modification which Defendants never intended to fully perform; contrary to the Plaintiffs' best interests and contrary to the Plaintiffs' preservation of their home.

62.     As a direct and proximate result of said Defendants' breaches of their fiduciary duties, Plaintiffs have suffered damages.

63.     Under the totality of the circumstances, said Defendants' actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiffs justifying an award of not only actual compensatory but also exemplary punitive damages to serve as a deterrent not only as to future conduct of Defendant BOA, but also to other persons or entities with similar inclinations.

## COUNT FIVE

### UNJUST ENRICHMENT

64.     Plaintiffs reallege and reaffirm paragraphs 1 through 63 hereinabove as if set forth more fully herein below.

65.     Defendant BOA had an actual and implied contract with the Plaintiffs to ensure that Plaintiffs understood all payments, schedules and communications regarding Plaintiff's default status, payment account and loan servicing.

66.     Defendant BOA had full knowledge, at all times material, that the Plaintiffs were in default due to Tammy's advice and failed to recognize subsequent payments and the correct loan servicing status all at the expense of the Plaintiffs.

67.     Defendants BOA and Nationstar and their agents and assigns, cannot, in good conscience and equity, retain the benefits from their actions.

68.     Defendants BOA and Nationstar have been unjustly enriched at the expense of the Plaintiffs, and maintenance of the enrichment would be contrary to the rules and principles of equity.

69.     Plaintiffs thus demand restitution from Defendants BOA and Nationstar in the form of actual damages, exemplary damages, and any attorneys' fees which may be awardable by law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all matters so triable as a matter of right. Respectfully submitted.

## RELIEF SOUGHT

WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiffs pray that:

a.     defendants' conduct is determined to have violated each and every count indicated above;

b.     defendants' conduct be determined to have specifically violated New Jersey's Consumer Fraud Act, N.J.S.A. 56.8-1 et seq;

c.     defendants' conduct is determined to have specifically violated 15 USC sec. 1681(n) (a) (2);

d.     for damages in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal; and for any other and further relief which is just and proper.

Dated: December 3 , 2013

Respectfully Submitted on Behalf of Debtor(s)

Roach, Leite & Manyin, LLC

By: _____

Robert C. Leite, Esq.
Kenneth R. Manyin, Esq.
1500 North Kings Hwy, Ste 201
Cherry Hill, NJ 08034
267-343-5818

# EXHIBIT "A"

**Bank of America**

Attn: Home Retention Division
100 Beecham Drive Suite 104
Pittsburgh, PA 15205

**Notice Date:** May 28, 2009

**Account No.:** 6937003587

MARK MARIAS and RENEE MARIAS
17 INDIAN TRAIL
MEDFORD, NJ 08055

**Property Address:**
17 INDIAN TRAIL, MEDFORD, NJ 08055

---

IMPORTANT MESSAGE ABOUT YOUR LOAN

We are pleased to advise you that your loan modification has been approved.  In order for the modification to be valid, the enclosed documents need to be signed, notarized and returned.

The following amounts will be added to your current principal balance, resulting in a modified principal balance of $688,114.34 prior to your first payment date.  The amount added to your loan is:

| | |
|---|---|
| Interest : | $18,145.00 |
| Fees: | $0.00 |
| Escrow: | $0.00 |
| Total: | $18,145.00 |

Your new modified monthly payment will be $3,375.23, effective with your August 1, 2009 payment.  This payment is subject to change if your escrow account is reanalyzed due to new annual premiums.  Your current interest rate is 6.5%.  Your new reduced rate of 5.125% will be effective as of July 1, 2009 until June 30, 2014.  As of July 1, 2014, your interest rate will return to 6.5% for the remaining term of your loan.  Your new maturity date is July 1, 2049, which may have changed from your current maturity date as a result of the modification terms.  This Agreement will bring the loan current; however, you are still required to pay back the entire unpaid principal by the maturity date for your loan.

A breakdown of your payment is as follows:

|  | 08/01/09 -- 07/01/14 |
|---|---|
| P&I Payment: | $3,375.23 |
| Escrow: | $0.00 (estimated) |
| Total Payment: | $3,375.23 |

|  | 08/01/14 -- 07/01/49 |
|---|---|
| P&I Payment: | $3,977.39 |
| Escrow: | $0.00 (estimated) |
| Total Payment: | $3,977.39 |



BANK OF AMERICA, N.A.
475 CROSSPOINT PARKWAY
GETZVILLE, NY 14068
ATTN: LOSS MITIGATION DEPT.

---

Loan No. 6937003587          SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 28th day of May, 2009, between MARK MARIAS AND RENEE MARIAS, ("Borrower(s)"), and Bank of America, N.A., with offices at 475 CrossPoint Parkway, Getzville, NY 14068, ("Lender") current holder of the Note and assignee of the Security Instrument hereinafter described, amends and supplements (1) the Note dated the 6th day of October, 2006, made in the amount of $688,000.00, and (2) the Security Instrument dated the 6th day of October, 2006, and recorded the 4th day of January, 2007, as Book M11265, Page 545, in the official records of Burlington County which covers the real property described in said Security Instrument, located at: 17 INDIAN TRAIL, MEDFORD, NJ 08055 ("Property"), and more particularly described as:

### SAME AS IN SAID SECURITY INSTRUMENT

*TAX ID/PARCEL NUMBER: 5014 1.03*

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows, notwithstanding anything to the contrary contained in the Note or Security Instrument.

1.      As of the 1st day of July, 2009, the amount payable under the Note and the Security Instrument is $669,969.34 ("Unpaid Principal Balance"). The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of $18,145.00 have been added to the indebtedness under the terms of the Note and Security Instrument and the loan reamortized over 480 months. When payments resume on the 1st day of August, 2009, the New Unpaid Principal Balance will be $688,114.34.

2.      The Borrower(s) promise to pay the Unpaid Principal Balance, plus the interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance at the annual step rate of 5.125% from the 1st day of July, 2009, and Borrower(s) promise to pay monthly payments of principal and interest in the amount of $3,375.23 beginning the 1st day of August, 2009, and on the same day of each month thereafter until the 1st day of July, 2014. Interest will be charged on the Unpaid Principal Balance at the annual step rate of 6.5% from the 1st day of July, 2014, and Borrower(s) promise to pay monthly payments of principal and interest in the amount of $3,977.39 beginning the 1st day of August, 2014, and on the same day of each month thereafter until the entire amount due and payable under the terms of the Note, Security Instrument and this Agreement are paid in full.

If on the 1st day of July, 2049, ("Maturity Date"), Borrower(s) still owe amounts under the Note, Security Instrument or this Agreement, the Borrower(s) shall pay these amounts in full on the Maturity Date.

Borrower(s) shall make the monthly payments described herein at Bank of America, N.A., 475 CrossPoint Parkway, Getzville, NY 14068 or at such other place that Lender may designate.

3.      If all or any part of the Property or any interest therein is sold or transferred without Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums due under the Note, Security Instrument and this Agreement.

If Lender exercises this option, the Lender shall give the Borrower(s) notice of acceleration. The notice shall provide a period of not less than thirty days from the date the notice is delivered or mailed within which the Borrower(s) must pay all sums due under the Note, Security Instrument and this Agreement. If Borrower(s) fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Note, Security Instrument and /or this Agreement without further notice or demand on the Borrower(s).

4.      Borrower(s) will also comply with all other covenants, agreements, terms, conditions, and requirements of the Note and Security Instrument, including, without limitation, the Borrower's agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower(s) are obligated to pay under the terms of the Note and Security Instrument, however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph one above.

     (a)      all terms and provisions of the Note and Security Instrument (if any) providing for or relating to any change or adjustment in the rate of interest payable under the note; and

     (b)      all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to or wholly or partially incorporated into, or is a part of, the Note or Security Instrument and that contains any such terms or provision as those referred to in (a) above.

5.      Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and/or Security Instrument.  Except as expressly provided in this Agreement, the Note and Security Instrument will remain unchanged and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions of the instruments, as amended by this Agreement.

BORROWER(S):

Date: 6-2-09

MARK MARIAS

Date: 6-2-09

RENEE MARIAS



Witness Signature _____

Print Name _TINA L. LOVEL_

Witness Signature _____

Print Name _Joanne M Hagan_

STATE OF _New Jersey_ )

COUNTY OF _Burlington_ )

On _June 2, 2009_ , before me, the undersigned, a Notary Public in and for said State, personally appeared MARK MARIAS and RENEE MARIAS[ ] personally known to me - OR – [ ] proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary _____

Printed Name _Corinne Biswas_

My commission expires: _January 28, 2013_



CORINNE A. BISWAS
NOTARY PUBLIC OF NEW JERSEY
I.D. # 2369056
Commission Expires 1/28/2013

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ROACH, LEITE & MANYIN, LLC**
Robert C. Leite, Esquire
2938 Levick Street, Ground Flr.
Philadelphia, PA 19149
Tel. 267-343-5818
Fax. 267-343-5821
Counsel for Plaintiffs

MARK MARIAS and
RENEE MARIAS

                    Plaintiffs

BANK OF AMERICA N.A., and
NATIONSTAR MORTGAGE LLC

                    Defendants

**PLAINTIFF"S CERTIFICATION**

I, Mark Marias, hereby certify:

1.     I am Plaintiff in the above captioned manner.

2.     I executed a Mortgage Note dated October 9, 2006 in favor of Bank of America to secure a debt to BOA conveying a security interest in their residence located at 17 Indian Trail, Medford NJ 08055.

3.     Some time around November, 2008 I was advised by Tammy to cease making my monthly mortgage payment as she stated that she could not review my mortgage which was current for a modification unless and until I stopped making my regular payment. Although concerned I did as she told me to.

4.     Several Bank of America employees assured me that we would not be considered in default at any time after May 2009. This was after we completed the repayment plan and signed the modification agreement.

5.     Some time around November, 2009 I was advised by Tammy to cease making my monthly modified mortgage payment

6.     BOA and several of its representatives started a snowball effect which forced me into default, my credit score sucks and I have had many problems since speaking with BOA dating back to November of 2008.

7.     The facts stated in this Certification are based upon personal information known to me or from information transmitted by person(s) with knowledge of the events described therein, at or near the time of the event described.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


12/3/2013
Date

/s/ Mark Marias
Signature